AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>ADVENTO BARRERA, JR. | )<br>)<br>)<br>)<br>)  Case No:  2:20-cr-00011-JMS-CMM-01<br>)  USM No:  33691-179<br>) |
| Date of Original Judgment:          03/31/2021 | ) |
| Date of Previous Amended Judgment: | )  William Dazey (prior) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
        ☑ DENIED.    ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
        *(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date:          04/23/2026                                _____
                                                                                    *Judge's signature*

Effective Date:  _____                        _____
                *(if different from order date)*                              *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20-cr-00011-JMS-CMM |
| | ) | |
| | ) | |
| ADVENTO BARRERA, JR. (01), | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTIONS FOR A SENTENCE REDUCTION

Defendant Advento Barrera, Jr. (01) has filed a Motion for a Sentence Reduction Under Amendment 782 to the United States Sentencing Guidelines, [Filing No. 39], and a Motion for a Sentence Reduction Under Amendment 821 to the United States Sentencing Guidelines, [Filing No. 40]. The Motions are now ripe for the Court's review.

**I.**
**BACKGROUND**

In October 2020, Mr. Barrera was charged with one count of Possession of Contraband in Prison (Buprenorphine) While an Inmate, in violation of 18 U.S.C. § 1791(a)(2) and (b)(1). [Filing No. 1.] On March 30, 2021, Mr. Barrera pled guilty to the charge. [Filing No. 29.] At sentencing, the Court calculated Mr. Barrera's offense level at 11, with 12 criminal history points but with a two-level enhancement for committing the offense underlying this case while serving a sentence in the Bureau of Prisons, which resulted in a total criminal history score of 14. [*See* Filing No. 23 at 4-11.] His offense level placed him in criminal history category VI, resulting in a guideline range of 27 to 33 months' imprisonment. [*See* Filing No. 23 at 11; Filing No. 23 at 17.] The Court

1

sentenced Mr. Barrera to a within-guidelines term of 30 months' imprisonment. [Filing No. 30 at 2.]

Mr. Barrera now argues in his Motions for a Sentence Reduction that he is eligible for a sentence reduction under Amendments 782 and 821 to the United States Sentencing Guidelines. [Filing No. 39; Filing No. 40.][1] The Government opposes both of Mr. Barrera's Motions for a Sentence Reduction, [Filing No. 54; Filing No. 56], and Mr. Barrera filed replies in support of both Motions, [Filing No. 59; Filing No. 60]. Both Motions are now ripe for the Court's review.

## II.
### STANDARD OF REVIEW

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range that, after the defendant's sentencing, was lowered by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court determines whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable factors under 18 U.S.C. § 3553(a) and determines whether, in the Court's discretion, the

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Barrera in connection with his Motion for a Sentence Reduction Under Amendment 821, [Filing No. 42], and counsel appeared but was later granted leave to withdraw, [Filing No. 44; Filing No. 46]. Mr. Barrera was afforded an opportunity to supplement both of his Motions for a Sentence Reduction, [Filing No. 41; Filing No. 52], and Mr. Barrera did so, [Filing No. 50; Filing No. 55].

authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

### III.
#### DISCUSSION

**A.      Motion for a Sentence Reduction Under Amendment 782**

In support of his Motion for a Sentence Reduction Under Amendment 782, Mr. Barrera argues that he is entitled to a two-point offense level reduction under Amendment 782 so his base offense level would be reduced from 11 to 9.  [Filing No. 39 at 3-4.]  In his supplement to his Motion, he argues that his starting offense level should have been 6 because "the charged drug in this case is only a Schedule III 'controlled substance' that would fall under USSG 2P1.2(a)(3)."  [Filing No. 50 at 4.]  He contends that under Amendment 782's two-point reduction, his final total offense level should have been 2.  [Filing No. 50 at 4-5.]  Mr. Barrera further asserts that the Presentence Investigation Report ("PSR") incorrectly stated that his statutory maximum sentence was 20 years instead of 5 years.  [Filing No. 50 at 3.]  Mr. Barrera also argues that the § 3553(a) factors warrant a reduction in his sentence.  [Filing No. 39 at 5-6; Filing No. 50 at 5-9.]

In its response, the Government argues that Amendment 782 does not help Mr. Barrera because he was sentenced "well after Amendment 782 became effective," and because he was sentenced under a provision that was not altered by Amendment 782.  [Filing No. 54 at 5.]  It also argues that the § 3553(a) factors do not warrant a reduction of Mr. Barrera's sentence.  [Filing No. 54 at 6-7.]  Finally, the Government argues that Mr. Barrera cannot raise a claim related to the correctness of his statutory maximum sentence in his Motion for a Sentence Reduction, but that the PSR correctly identified his statutory maximum sentence in any event and he did not suffer any prejudice from any alleged error.  [Filing No. 54 at 7-8.]

3

Mr. Barrera reiterates his arguments in his reply and also accuses the Government of committing fraud upon the Court and asserts that his counsel provided ineffective assistance in connection with his sentencing. [*See* Filing No. 60.]

    *1.*      *Step One Analysis*

18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the [BOP], or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Mr. Barrera relies upon Amendment 782, which was enacted in 2014 and "reduced by 2 levels the base offense levels assigned to drug quantities in [U.S.S.G.] § 2D1.1." *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

Mr. Barrera is not eligible for resentencing under Amendment 782. First, Amendment 782 was enacted in 2014 and Mr. Barrera was sentenced in 2018, so he would have already received any benefit of Amendment 782 during sentencing. Second, Amendment 782 altered U.S.S.G. § 2D1.1, but Mr. Barrera's sentencing range was determined by U.S.S.G. § 2P1.2. [*See* Filing No. 23 at 4.] Amendment 782 does not apply to his case. U.S.S.G. 1B1.10(a)(2)(B) (defendant is not entitled to a reduction if an amendment "does not have the effect of lowering [his] applicable guideline range"). Mr. Barrera's offense level is unchanged by Amendment 782. Because Mr. Barrera's Motion fails at step one since he is not entitled to resentencing under Amendment 782, the Court need not and will not consider the § 3553(a) factors under step two.

2.      *Incorrect Mandatory Maximum Sentence and Ineffective Assistance of Counsel Arguments*

Mr. Barrera's argument that the PSR incorrectly stated that his statutory maximum sentence was 20 years instead of 5 years is unrelated to his argument under Amendment 782, is not properly brought in a motion for reduction of sentence under Amendment 782, and must be brought through direct appeal or a motion brought pursuant to 28 U.S.C. § 2255. *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) (a defendant must raise any challenge to his original sentence in a direct appeal or collaterally through 28 U.S.C. § 2255). The same holds true for his claim that his counsel was ineffective during sentencing. *Id.*

In sum, Mr. Barrera is not entitled to resentencing under Amendment 782 and his arguments related to his statutory maximum sentence and his counsel's assistance at sentencing are not properly brought in his Motion. Accordingly, the Court **DENIES** Mr. Barrera's Motion for a Sentence Reduction Under Amendment 782. [Filing No. 39.]

**B.      Motion for a Sentence Reduction Under Amendment 821**

In support of his Motion for a Sentence Reduction Under Amendment 821, Mr. Barrera argues that two points were added to his criminal history because he committed the offense underlying this case while serving a sentence of imprisonment, but that this was incorrect under Amendment 821. [Filing No. 55 at 1.] He also argues that consideration of the § 3553(a) factors warrants a reduction in his sentence. [Filing No. 39 at 5-6; Filing No. 55 at 2; Filing No. 55 at 7-15.] Further, Mr. Barrera argues that his criminal history points were incorrectly calculated in his PSR and that he is not receiving sufficient medical care for his heart condition. [Filing No. 55 at 2-7; Filing No. 55 at 13.]

In its response, the Government acknowledges that under Amendment 821 Mr. Barrera would receive one additional status criminal history point for committing the offense while

imprisoned rather than the two points that he received when he was sentenced, but notes that even with 13 criminal history points (versus the 14 criminal history points that he received at sentencing), he would still have a criminal history category of VI and the same guideline range. [Filing No. 56 at 5-6.]  It also argues that consideration of the § 3553(a) factors does not warrant a sentence reduction, and that Mr. Barrera's other arguments are not properly brought through a § 821 motion.  [Filing No. 56 at 6-7.]

In his reply, Mr. Barrera reiterates his § 3553(a) arguments and accuses the Government of fraud on the Court.  [Filing No. 59 at 4-5.]

1.    *Step One Analysis*

In order to determine a defendant's criminal history category, Part A of Amendment 821 states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e).

As discussed above, Mr. Barrera had 14 criminal history points, which placed him in a criminal history category of VI and a guideline range of 27 to 33 months' imprisonment.  [*See* Filing No. 23 at 4-11; Filing No. 23 at 17.]  Mr. Barrera is correct that Amendment 821 would result in him receiving only one status point for committing the offense underlying this case while imprisoned, rather than two, so that his criminal history points would amount to 13 instead of 14.[2] However, 13 criminal history points would still place him in a criminal history category of VI, U.S.S.G. Ch. 5, Part A, Sentencing Table, so Amendment 821 does not change his guideline range

---

[2] The Court is issuing a Notice of Change in Criminal History Points simultaneously with this Order.

of 27 to 33 months' imprisonment and, consequently, he is not eligible for resentencing under Amendment 821.  Because Mr. Barrera's Motion fails at step one since he is not entitled to resentencing under Amendment 821, the Court need not and will not consider the § 3553(a) factors under step two.

###### 2.  *Incorrect Criminal History Points Calculation and Insufficient Medical Care Arguments*

Mr. Barrera's argument that the PSR reflects an incorrect calculation of his criminal history points is not properly brought in a motion for reduction of sentence under Amendment 821 and must be brought through direct appeal or a motion brought pursuant to 28 U.S.C. § 2255.  *See Martin*, 21 F.4th at 946.  And while his allegations relating to insufficient medical treatment while incarcerated might form the basis for relief in a civil suit filed in Mr. Barrera's district of incarceration, they are not grounds for a sentence reduction under § 3582(c)(2).  *See United States v. Staake*, 2024 WL 4182915, at *3 (C.D. Ill. Sept. 13, 2024) ("[I]nadequate medical care on its own does not constitute a compelling and extraordinary reason that warrants a sentence reduction.").[3]

Mr. Barrera is not entitled to resentencing under Amendment 821 and the other arguments that he raises are not properly brought in a motion for a sentence reduction.  Consequently, Mr. Barrera's Motion for a Sentence Reduction Under Amendment 821 is **DENIED**.  [Filing No. 40.]

---

[3] Despite Mr. Barrera's arguments otherwise in both of his Motions, the Court finds that there is no evidence that the Government has committed fraud upon the Court.

## III.
### CONCLUSION

For the foregoing reasons, Mr. Barrera's Motion for a Sentence Reduction Under Amendment 782, [39], and his Motion for a Sentence Reduction under Amendment 821, [40], are **DENIED**.

Date: 4/23/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via United States Mail to:**

Advento Barrera, Jr.
#33691-179
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL 33521